MARVIN, J.
The case of Kewish et al. against William Wire is before us on a motion to dismiss the proceedings in this court, and though we have not seen the transcript, we learn from the statement of counsel that the action was begun in the court of common pleas, and the relief sought for was an injunction to prevent the taking off of certain timber from lands, and for damages as well.
A preliminary injunction was allowed by the court of common pleas, and thereafter a motion was made to vacate that injunction. That motion was sustained. Notice of appeal was given and an undertaking entered into, as required by statute for an appeal. The court of common pleas, when it sustained the motion to vacate the injunction, ordered that the order vacating the injunction should be suspended for the period of ten days, and within that ten days, as we understand it, a motion was made before two of the judges of this court at chambers for an order to suspend the operation of the order vacating the injunction, That was refused, and it is now urged, in support of the motion made here, that there is no case properly in this court — 'that there is no appeal here.
*387 The section of the statutes which provides for an appeal from an order vacating a preliminary injunction, is 5226, and reads:
“In addition to the cases and matters specially provided for, an appeal may be taken to the circuit court by a party or other person directly affected, from a judg ment or final order in a civil action rendered by the common pleas court and of which it had original jurisdiction, if the right to demand a ]ury therein did not exist, and from an interlocutory order made by the common pleas court, or a judge thereof, dissolving an injunction, in a case of which it had original jurisdiction; but such interlocutory order dissolving such injunction shall not be suspended by the appeal, except by the order of the circuit court, or two judge thereof in vacation, on reasonable notice to the adverse party; provided that the court or judge may, at the time of making such interlocutory order, upon good cause shown, suspend the operation thereof for any period not exceeding ten days, within which period the party appealing may perfect the appeal,”
It will be observed that the language of the statute indicates that there may be an appeal without any suspension of the order vacating the injunction. The court of common pleas, when it makes its order vacating the injunction which was theretofore allowed, may or may not suspend the operation of the order thus vacating the injunction, for ten days.
It is not, as it seems to us,one of the essentials to an appeal from an order of this kind that the court or judge making the order of vacation shall suspend the operation of it for ten days. The court, or judge, may or may not suspend the operation, But the order is appealable, by the terms of the statute, without reference to whether or not there is a suspension of the operation of the order, and that the supreme court have held that there may be an appeal without interference of the circuit court or any judges of the circuit court, aüd without any action on the part of such judges, we think is manifest from the case to which our attention *388 was called by counsel on the bearing of this motion—The Trustees v. McClannahan, in the 53 Ohio State Reports, beginning on page 403. Judge Williams in the opinion, at page 407, says in reciting the.history of the case then being passed upon: “After the appeal was perfected, the operation of the order of dissolution was suspended, by two judges of the circuit court, until the appeal could be heard, ”
The appeal was perfected before the judges acted, From what has been said and from what has been read, we are of the opinion that there is a proper appeal in this case now in this court, and that the motion to dismiss the proceedings must be overruleid.
In this view we are strengthened by comparison of the statutes as they existed before the present statute was in the terms in which it now is.
In the statutes of Swan & Critchfield, at page 1157, section 694, this language is used:
“That appeals may be taken from all final judgments, orders or decrees in civil actions in which the parties have not the right by virtue of the laws of this state, to demand a trial by jury, and interlocutory orders dissolving injunctions rendered by any court of common pleas in this state in which it has original jurisdiction, by any party against whom such judgment of order shall be rendered or who may be affected thereby, to the district court, and the action so appealed shall be again tried, heard and decided in the district court in the same manner as though the said district could had original jurisdirtion of the action”.
It is provided, as will be seen, by this section for an appeal in a case where an order is made, as in the present case, without any suggestion of any action on the part of the judges of the district court, which court is succeeded by the cicruit court under the present judicial system. In the statutes published in 1880, section 5226, as it then, stood, reads:
“In addition to the cases and matters specially provided *389 for, such appeal may be taken by the party or other person directly affected from a judgment or final order in a civil action rendered by the court of common pleas, and of which it had original jurisdiction, if the right to demand a jury therein did not exist, and from an interlocutory order made by the court of common pleas or a judge thereof dissolving an injunction in a case of which that court had original jurisdiction; but such interlocutory order dissolving such injunction shall not be suspended by the appeal except by order of the district court or any two judges thereof in vacation, on notice to the adverse party.”
Tuttle & Tuttle, for Plaintiffs.
Homer Harper, G. W. Alvord, and E. F. Blakely, for Defendant.
So it seems to have been the policy of the law in Ohio, for many years, that an order made by the court of common pleas in a proper case, dissolving an injunction which had theretofore been allowed, might be appealed from to the district court, when there was a district court, and to the circuit court when that court came into existence, and the present statute, it seems to us very clearly, did not in any way lessen that right. The right exists just the same, and except for the provision of the statute as it now is and as it existed in 1880, there would have been no suspension of the operation of the order vacating the injunction. But now a party may have the appeal, and in addition thereto may have the right to apply to the circuit court or to two judges thereof for an order suspending the operation of the order dissolving the injunction.
It seems to us clear that the case is here on appeal, that is so much of the case as is involved in the vacation of the preliminary injunction. The motion, therefore, is overruled.